IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:23-cr-00334-JGC-1

    Plaintiff,

v.  **ORDER**

John Kline,

    Defendant.

This is a criminal case in which Defendant John Kline has filed a motion to dismiss the indicted charge of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Doc. 29). The government opposes the motion, (Doc. 30), and Defendant has filed a reply, (Doc. 34).

For the reasons that follow, I deny the motion.[1]

Defendant argues that the charge against him violates his right to keep and bear arms under the Second Amendment to the United States Constitution. (Doc. 29). *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), requires that a previously convicted felon challenging a charge of unlawful possession of a firearm on that ground has the burden of showing that he or she is not "dangerous." *Id.* at 663.

Defendant cannot meet that burden. This is so because Defendant allegedly has recent prior felony convictions for felonious assault with a firearm against another and for aggravated possession of drugs. (Doc. 1, PgID. 1; Doc. 30, PgID. 140). Defendant also allegedly has older felony convictions for aggravated assault, (Doc. 1, PgID. 1), carrying a concealed weapon, and

---

[1] In the event of an appeal, I will, if either party so requests, prepare and file a more extensive opinion describing in greater detail the basis for my decision.

theft by unlawful taking. Defendant also has misdemeanor convictions for assault and battery and violation of a protective order. (Doc. 30, PgID. 140).

Under *Williams*, the assault with a firearm and aggravated drug possession convictions are sufficient to disqualify Defendant from ever possessing a firearm. *See Williams*, 113 F.4th at 663 ("A person convicted of a crime is 'dangerous,' and can thus be disarmed, if he has committed (1) a crime 'against the body of another human being,' including (but not limited to) murder, rape, assault, and robbery, or (2) a crime that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary.").

The misdemeanor assault and violation of a protective order—both indicative of a propensity to risk harm to another—supply further justification for finding that Defendant should never be allowed to possess a firearm. *See id.* ("[W]hen considering an individual's dangerousness, courts may evaluate a defendant's entire criminal record—not just the specific felony underlying his section 922(g)(1) prosecution.").

Accordingly, it is hereby ORDERED THAT Defendant's amended motion to dismiss (Doc. 29) be, and the same hereby is, denied.

So ordered.

*/s/ James G. Carr*

Sr. U.S. District Judge